46183.   HAWKINS v. THE STATE.

EVANS, Judge. The defendant was indicted for the offense of possessing and exhibiting obscene materials to a named individual and to the general public, the articles being certain obscene pictures and photographs. The indictment was in three counts,

and alleges the showing of three separate pictures and photographs of different scenes of an obscene nature, "being pornographic and obscene and tending to debauch the morals of those coming in contact therewith, and being utterly without redeeming social value," said defendant allegedly knowing the obscene nature thereof. A motion to dismiss the indictment was filed, alleging that there are only two Georgia statutes pertaining to distribution of obscene materials, and that the indictment is insufficient to show defendant has violated either of them. One of the statutes was enacted in 1968 (Ga. L. 1968, pp. 1249, 1302; *Code Ann.* § 26-2101) which statute makes it a criminal offense to exhibit *obscene* materials to "any person."

The other statute was enacted in 1969 (Ga. L. 1969, p. 222 et seq.; *Code Ann.* § 26-9901 et seq.) which makes it a criminal offense to distribute certain matter to "a minor." The 1969 statute provides as a condition precedent to prosecution, that the district attorney must first determine such material violates the law and must give written notice to the defendant.

Defendant contends the indictment does not allege that any such determination and notice has been made and given by the district attorney. He contends further that the 1969 statute, by implication, amends the 1968 statute, and that an indictment must allege a determination by the district attorney that the material violates the law and that written notice has been given the defendant of such determination.

The 1968 statute deals in general terms with "obscene matter," and is unlimited as to the age of the defendant; while the 1969 statute is more limited, dealing only with matter as to "nudity, sexual conduct or sadomasochistic abuse and which is harmful to minors," and is specifically limited to distribution to minors.

There is no specific language in the 1969 Act which refers to or amends or repeals the 1968 statute. Repeals by implication are not favored. See *Mayor &c. of Athens v. Wansley*, 210 Ga. 174 (1) (78 SE2d 478). Section 11 of the 1969 Act provides that "all laws and parts of laws in conflict with this Act are hereby repealed"—but we find nothing conflicting between the two Acts. "Obscene matter," as used in the 1968 Act is much broader in scope than the words "nudity, sexual conduct, or sadomaschis-

tic abuse which is harmful to minors" as used in the 1969 Act. "Obscene" is defined by Webster to mean "foul, filthy, disgusting; offensive to chastity or modesty." Note that it is not necessary that obscenity be connected with nudity or improper sexual conduct. In Abraham Cowley's poem "Davideis" the following line appears: "The birds obscene far from his passage fly." It is said that the late Senator Thomas E. Watson, an orator and author of renown, when told of certain disparaging remarks that a political opponent had made of him, retaliated with the following highly descriptive invective: "A slimier reptile never crawled the dust of terra firma—An obscener bird never flapped his vulture wings." All of the offensive terms in the 1969 Act are as to nudity and improper sexual conduct. Thus, we find no conflict in the two laws. Nor is there anything in the indictment which lends itself to the contention that it is brought under the 1969 Act. In each of the three counts the offensive material is described as being "obscene," which is in consonance with the 1968 statute; and it is alleged to have been exhibited to "Wayne Ellis and the general public." It is not alleged that Wayne Ellis is a minor, and whether he is or not, must await the introduction of evidence. The words "the general public" as used in the indictment, are so general as to include adults and minors. Of course, the 1968 Act does not require any prior determination and notice thereof by the district attorney.

The indictment is not subject to the attack made upon it, and the judgment of the trial court is affirmed.

*Judgment affirmed. Jordan, P. J., and Quillian, J. concur.*
SUBMITTED MAY 5, 1971—DECIDED JUNE 15, 1971.

*Schindelar & Johnson, Jean E. Johnson, Jr.,* for appellant.
*Ben F. Smith, District Attorney,* for appellee.